UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:11-CV-00572-TBR

AMY WARREN                                                                                          PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the Plaintiff's motion to remand. (DN 16). Defendant Mac's Convenience Stores, LLC d/b/a BigFoot Food Stores, LLC ("Mac's) has responded (DN 19), and Plaintiff has replied. (DN 21). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff, Amy Warren ("Warren"), a citizen of Louisville, Kentucky, alleges she was injured after tripping over a broken portion of sidewalk and curb in the parking lot at one of Defendant's convenience stores. Warren alleges that Mac's negligently maintained the parking lot and failed to warn her of a hazardous condition. Mac's is a Delaware limited liability company with its principal place of business in Columbus, Indiana. In her complaint, Warren seeks to recover compensatory damages for past and future medical expenses, future earning capacity, and pain and suffering; "costs herein incurred;" and any other relief to which she is entitled. (Pl.'s Compl. DN 1-2). Mac's was served on September 14, 2011, and removed to federal court on October 14, 2011, after Warren refused to stipulate she would seek damages in an amount less than $75,000. (DN 1 & 1-4). Since that time, the parties have begun discovery and submitted initial disclosures.

1

On July 17, 2012, Warren filed this motion to remand, arguing that the Court lacked jurisdiction because Mac's failed to show that the amount in controversy was greater than $75,000.00. All agree that the parties are diverse. They disagree, however, that the amount in controversy is satisfied in this case. Warren argues that removal was premature because at the time of removal, no discovery had been taken and the amount of her damages was uncertain. Mac's, on the other hand, claims that diversity jurisdiction exists because it has shown that it is more likely than not that the amount in controversy exceeds $75,000.00.

## STANDARD

Under 28 U.S.C. § 1441(b), a case may be removed to federal court if the requirements for diversity jurisdiction are met. For a court to have diversity jurisdiction over a claim, the amount in controversy must exceed $75,000.00 and the plaintiffs and defendants must be completely diverse, e.g., citizens of different states. 28 U.S.C § 1332(a). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1191 (2010)). Where the complaint fails to identify a specific amount of damages, the defendant may prove that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *See id.* at 156-60; *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("This Court places a burden on the defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy has been met" (citing *Gafford*, 997 F.2d at 158)). Finally, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted).

**DISCUSSION**

The sole issue before the Court is whether the case was wrongfully removed because Mac's failed to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. The Court finds that removal was improper because Mac's failed to carry its burden of proof.

Mac's removed to this Court on October 14, 2011. (Notice of Removal, DN 1). Prior to removing, Mac's attorney, Pete Pullen, sent a letter requesting that Warren stipulate that damages were less than $75,000.00. (DN 1-4). Unless Warren did so by October 13, 2011, Pullen indicated he would assume she was seeking damages in excess of the jurisdictional requirement and promptly remove the case to federal court. *Id.* On or about October 4, 2011, Warren's counsel indicated by telephone that he would not stipulate to damages. (DN 21). Although Warren did not immediately seek remand after removal, at no point during these proceedings has she alleged her damages exceed $75,000. (Def.'s Resp. to Mot. for Remand, DN 19).

Both parties have spent considerable time arguing the effect of the Sixth Circuit's holding in *Rogers v. Wal-Mart*, 230 F.3d 868 (6th Cir. 2000). However, *Rogers* is distinguishable. In *Rogers*, the plaintiff originally sought damages in excess of $900,000. *Id.* at 870. The action was removed to federal court, and the parties agreed to its dismissal without prejudice. *Id.* Thereafter, the plaintiff filed a new complaint in state court which did not specify an amount to recover, but the defendant ultimately removed to federal court after the plaintiff affirmatively stated in depositions that she sought damages in excess of $75,000. *Id.* The Sixth Circuit affirmed the district court's denial of plaintiff's motion to remand, noting "[e]vents occurring *subsequent* to the institution of suit which reduce the amount recoverable below the statutory limit do not oust

jurisdiction." *Id.* at 871 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)) (emphasis added).

In *Rogers*, the action was properly removed to federal court twice, and thereafter the plaintiff attempted to stipulate that, contrary to her assertions at the time the case was properly removed, she would not seek more than $75,000 in damages. In this case, the Court must first decide "whether the action was properly removed in the first place" when Warren has never asserted she will seek more than $75,0000. *Id.* 871-72 (emphasis added).

Where a plaintiff has not alleged a specific amount of damages, Congress recently amended 28 U.S.C. § 1446 to permit a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii); *see also* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446). Because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings, these amendments apply. *See* Ky. R. Civ. P. 8.01(2), 54.03(2). Thus, removal in this case was proper if this court "finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in [28 U.S.C. § 1332(a)]." *Id.* § 1446(c)(2)(B).

The court does not find that Mac's, as the removing defendant, has met its burden of proving the existence of federal jurisdiction. First, Mac's notice of removal states that "Plaintiff's counsel has informed the undersigned that because of Plaintiff's continuing or future treatment, her damages exceed $75,000" (DN 1), a statement which Warren denies (DN 21). Furthermore, Mac's has offered no evidence of such a statement by Warren's counsel, and in

4

reviewing Warren's pleadings, initial disclosures, responses to discovery, or any other document available to it, the Court can find no statement by Warren affirmatively indicating that her damages exceed $75,000.

Secondly, Mac's argues that removal was proper because Warren refused to stipulate that her damages were less than $75,000. (DN 19). This argument is contrary to the holdings of the Sixth Circuit district courts considering this issue. *See Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 917 (W.D. Mich. 2009) (finding that a plaintiff's refusal to stipulate to damages below the jurisdictional amount "has no bearing on the propriety of removal."); *see also Stratton v. Konecranes, Inc.*, 2010 WL 2178544, at *3 (E.D. Ky. May 28, 2010) ("A refusal to stipulate, by itself, would not justify removal . . . ."); *Holt v. HMS Host USA*, 2009 WL 1794748, at *3 (M.D. Tenn. June 18, 2009) ("[A plaintiff's] refusal to stipulate that the damages are less than $75,000 does not itself justify removal."); *Kittle v. First Republic Mortg. Corp.*, 2007 2007 WL 2020179, at *3 (W.D. Ky. July 6, 2007) ("That [the plaintiff] refused to stipulate that his claim against [the defendant] is less than $65,000, does not mean that the claim is more likely than not more than $75,000."); *Davis v. BASF Corp.*, 2003 WL 23018906, at *2 (E.D. Mich. Nov. 24, 2003) ("[I]f a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount [and] if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal.") (collecting cases).

These cases make clear that a plaintiff's refusal to stipulate to damages, alone, is insufficient to demonstrate that diversity jurisdiction exists and removal is proper. *Dobson v. United Airlines, Inc.*, 2002 U.S. Dist. LEXIS 27714, at *1-2 (N.D. Cal. 2002), provides a brief but cogent analysis of the issue.

> Since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential

> amount of damages would serve no effect in determining the actual amount in controversy at the time of removal. The burden is on defendants, not the plaintiff, to prove the amount in controversy. If the Court were to conclude that a plaintiff's refusal to stipulate is sufficient to satisfy that burden, defendants in every removal dispute would force the plaintiffs to choose between stipulating against their future remedies and remaining in federal court.

Accordingly, Warren's refusal to stipulate that her damages are not less than $75,000.00 is not proof that such damages are in excess of $75,000.00. Thus, Mac's contention that removal was proper in the first place is without merit.

Mac's also argues that Warren has waived her ability to object to removal because she proceeded with discovery and scheduling for almost seven months before objecting to removal. (DN 19). However, "[l]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.... A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (Contie, J., concurring) (emphasis in original). Thus, because it has determined that, at the time of removal, a jurisdictional defect deprived this Court of subject-matter jurisdiction over this action, this case must be dismissed, regardless of Warren's seven-month participation in the lawsuit.

## CONCLUSION

Plaintiff Amy Warren has moved to remand this case to the Jefferson County Circuit Court. For the foregoing reasons, the Plaintiff's motion is GRANTED. An appropriate order shall issue.

CC: Counsel